The fundamental question involved on these appeals is whether the order of extension by Mr. Justice Elsworth was valid. This depends first upon whether such an order can be made without notice, and second, whether there was good cause to support the order as made. The Administrative Code of the City of New York makes no mention of notice in connection with such an order, and any requirement for notice would have to be read into the statute by implication. For several reasons we do not believe that notice was necessary. If the Legislature intended to require notice it would have been a simple matter to have said so, and its failure to do so is highly significant. If the city was entitled to notice then all claimants over whose claims the expiring commission might have jurisdiction would also be entitled to notice. The difficulty of giving notice under such circumstances is obvious, and moreover, in the absence of any statutory requirement, the question would arise as what kind of notice should be given. For these reasons we believe it was not the legislative intent to require notice. As to the second phase of the issue there was good cause to support the order of Mr. Justice Elsworth. There were, it appears, several unfinished claims before the expiring commission and some claims in which testimony had been taken but no reports made, and. these facts were sufficient cause to extend the life of the commission. The order made by Mr. Justice Murray at Special Term, vacating the order of extension which Mr. Justice Elsworth had made, was not made upon any finding that the latter had acted without good cause, but rather upon a technical omission in the papers presented to Mr. Justice Elsworth. This omission was an insignificant irregularity, wholly insufficient to require that the order be set aside, and one that was cured in any event. Any discussion as to the amount of work done by any particular commission is wholly irrelevant. It is notorious that the work of any com *768 mission depends very largely upon the diligence of claimants and Corporation Counsel of the City of New York. Thus we find that the order of the Special Term, vacating the order of Mr. Justice Elswortii, was neither factually nor legally justified, and should be reversed. It follows that the other orders appealed from must also be reversed, for unless this is done the effect of this decision would in part, at least, be nullified. Order, dated July 26, 1946, and entered in the Ulster County Clerk’s Office on the 16th day of August, 1946, which vacated an order dated July 22, 1946, and entered in the Ulster County Clerk’s Office on the same day, extending the terms of office of Harry M. Prince, William B. Martin and Walter H. Wertime, Jr., as commissioners of appraisal in connection with consolidated riparian sections 3, 4, 5 and 6, Ulster County, is reversed, on the law and facts, with $25 costs. Order, dated July 26, 1946, entered in Ulster County Clerk’s Office on August 16, 1946, which appoints John L. Elynn, Elmore Nathan and Morris Zuckman commissioners of appraisal in"Rondout riparian sections Nos. 5 and 6, Ulster County, reversed, on the law and facts, with $25 costs. Application for the appointment of such commissioners -is denied. Order, dated July 26, 1946, entered in Ulster County Clerk’s Office August 16, 1946, which consolidated “the jurisdiction originally vested in the Consolidated Rondout Riparian Sections 3, 4, 5 & 6 proceeding as pertains to Rondout Riparian Sections Nos. 3 & 4 be, and the same hereby is, consolidated with the proceedings known as the Consolidated Delaware Sections 5, 6, 7, 8, 9, 10, 11 and Rondout Riparian Sections 1 & 2 and Rondout Riparian Utility Section ” reversed, on the law and facts, with $25 costs, and the motion therefore denied. This disposition of these appeals is without prejudice to any application for the appointment of any commissioners in any proceeding not inconsistent herewith. All concur. [See post, p. 852.]